UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDN
DOCUM...T
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/12
```

--------------------------------------------------------------

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

                Plaintiff,

                v.

JOHN V. MCNAMEE, JR., KEVIN DUNPHY,
MANUEL FARINA, JOHN T. HALL, JOHN
HAMILTON, MICHELE SULLIVAN, JOHN
WALSH, EXHIBITION EMPLOYEES LOCAL
829 I.A.T.S.E. PENSION PLAN, EXHIBITION
EMPLOYEES LOCAL 829 I.A.T.S.E. ANNUITY
FUND, and EXHIBITION EMPLOYEES LOCAL
829 I.A.T.S.E. VACATION FUND,

                Defendants.

--------------------------------------------------------------

File No. 12-CV-1511 (CM) (GWG)

**PARTIAL CONSENT ORDER**

This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as amended, and was brought by Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor (the "Secretary") pursuant to ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to obtain relief for alleged breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to enjoin acts and practices which allegedly violate the provisions of Title I of ERISA.

In the Complaint, which was filed on February 29, 2012, the Secretary alleges that Defendants John V. McNamee, Kevin Dunphy, Manuel Farina, John T. Hall, John Hamilton, Michele Sullivan, and John Walsh (the "Trustee Defendants") violated ERISA §§ 404(a)(1)(A), 404(a)(1)(B), 406(a)(1)(B), 406(a)(1)(D), 406(b)(1), 406(b)(2), and 409. The Secretary has named Exhibition Employees Local 829 I.A.T.S.E. Pension Plan, Exhibition Employees Local 829 I.A.T.S.E. Annuity Fund, and Exhibition Employees Local 829 I.A.T.S.E. Vacation Fund

(the "Funds") as Defendants for the purpose of ensuring complete relief among the parties under Federal Rule of Civil Procedure 19.

The Secretary has sent Notices of Lawsuit and Requests for the Waiver of the Service of a Summons to the Trustee Defendants and the Funds, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The Trustee Defendants and the Funds have sent the Secretary waivers of the service of the summons and waive additional service of the Complaint. The Trustee Defendants and the Funds admit to the jurisdiction of this Court over them and the subject matter of this action and admit that venue is proper in the Southern District of New York. At this time, the Trustee Defendants and the Funds have not filed answers to the Complaint, have not waived their ability to timely file and serve answers to the Complaint, and neither admit nor deny the allegations in the Complaint, except that the Trustee Defendants and the Funds admit the following:

A. The Secretary, pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and other parties who are in violation of Title I of ERISA.

B. The Exhibition Employees Local 829 I.A.T.S.E. ("Local 829") is and was at all relevant times an employee organization within the meaning of ERISA § 3(4), 29 U.S.C. § 1002(4).

C. The Exhibition Employees Local 829 I.A.T.S.E. Pension Plan (the "Pension Plan") is and was at all relevant times an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and is covered by Title I of ERISA pursuant to ERISA § 4(a)(2), 29 U.S.C. § 1003(a)(2), because it is an employee benefit plan established or

2

maintained by Local 829, which is an employee organization representing employees engaged in commerce or in an industry or activity affecting commerce.

D. The Exhibition Employees Local 829 I.A.T.S.E. Annuity Fund (the "Annuity Fund") is and was at all relevant times an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and is covered by Title I of ERISA pursuant to ERISA § 4(a)(2), 29 U.S.C. § 1003(a)(2), because it is an employee benefit plan established or maintained by Local 829, which is an employee organization representing employees engaged in commerce or in an industry or activity affecting commerce.

E. The Exhibition Employees Local 829 I.A.T.S.E. Vacation Fund (the "Vacation Fund") is and was at all relevant times an employee benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(3), and is covered by Title I of ERISA pursuant to ERISA § 4(a)(2), 29 U.S.C. § 1003(a)(2), because it is an employee benefit plan established or maintained by Local 829, which is an employee organization representing employees engaged in commerce or in an industry or activity affecting commerce.

F. The Exhibition Employees Local 829 I.A.T.S.E. Hiring Hall Fund (the "Hiring Hall Fund") is an organization whose stated purpose is to provide a hiring hall where members can shape up for available work in the industry.

G. The IATSE National Health & Welfare Fund (the "IATSE Welfare Fund") is an employee benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(3). The IATSE Welfare Fund is one of several trust funds established by IATSE through collective bargaining with various entertainment industry employers. Local 829 members receive benefits from the IATSE Welfare Fund, and Local 829 sends the contributions to IATSE.

H. Defendant John V. McNamee, Jr. is a trustee of the Funds, a fiduciary of the Funds within the meaning of ERISA § 3 (21)(i) and (iii), 29 U.S.C. § 1002(21)(i) and (iii), the President of Local 829, and a trustee of the IATSE Welfare Fund.

I. Defendant Kevin Dunphy is a trustee of the Funds and a fiduciary of the Funds within the meaning of ERISA § 3(21)(i) and (iii), 29 U.S.C. § 1002(21)(i) and (iii).

J. Defendant Manuel Farina was at relevant times a trustee of the Funds, a fiduciary of the Funds within the meaning of ERISA § 3(21) (i) and (iii), 29 U.S.C. § 1002(21)(i) and (iii), and a Vice President of Local 829.

K. Defendant John T. Hall is a trustee of the Funds and a fiduciary of the Funds within the meaning of ERISA § 3(21) (i) and (iii), 29 U.S.C. § 1002(21)(i) and (iii).

L. Defendant John Hamilton is a trustee of the Funds and a fiduciary of the Funds within the meaning of ERISA § 3(21) (i) and (iii), 29 U.S.C. § 1002(21)(i) and (iii).

M. Defendant Michele Sullivan is a trustee of the Funds, a fiduciary of the Funds within the meaning of ERISA § 3(21) (i) and (iii), 29 U.S.C. § 1002(21)(i) and (iii), and the assistant to McNamee, the President of Local 829.

N. Defendant John Walsh was at relevant times a trustee of the Funds and a fiduciary of the Funds within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

O. At all times relevant, each of the Trustee Defendants had plenary authority, discretion, and responsibility to manage and control the assets of the Funds.

The Secretary, the Trustee Defendants, and the Funds (collectively, the "Parties") have agreed to preliminary interim relief during the pendency of this action, and therefore now consent to entry of a Partial Consent Order by the Court. This Partial Consent Order does not

4

waive the Secretary's claims or any defenses of the Trustee Defendants or the Funds except as stated above in paragraphs A through O and in this Partial Consent Order.

Upon consideration of the record, and as agreed to by the Parties, the Court finds that it has jurisdiction to enter this Partial Consent Order, which shall be in effect throughout the pendency of this action or until further Court Order.

IT IS HEREBY ORDERED THAT:

1. For the 120 day period beginning as of the date of this Order (the "Initial Period") or until further Court Order if earlier, the Court appoints Judith Broach as the Independent Fiduciary of the Exhibition Employees Local 829 I.A.T.S.E. Pension Plan (the "Pension Plan"), the Exhibition Employees Local 829 I.A.T.S.E. Annuity Fund (the "Annuity Fund") and the Exhibition Employees Local 829 I.A.T.S.E. Vacation Fund (the "Vacation Fund") (collectively referred to hereinafter as the "Funds") with plenary authority to administer the Funds, allocate expenses among the Funds, review any transactions and investments made by the Funds between 2006 and the present that conflict with any of the plan documents of the Funds or any other fiduciary obligations of the Trustee Defendants, and other activities required to ensure the prudent and sound administration of the Funds during the Initial Period.

2. In performing her duties as listed in paragraph 1, the Independent Fiduciary shall have and exercise full authority and control with respect to the management or disposition of the assets of the Funds, including authority over all bank accounts.

3. The *status quo* of the Funds shall be maintained pending the Independent Fiduciary's assumption of her responsibilities. The Trustee Defendants shall not pay or cause to be

5

paid any claims lodged against or submitted to the Funds unless and until the Independent Fiduciary has approved such payment.

4. To the extent required to fulfill her duties as delineated in paragraph 1 and as required by federal and state law, the Independent Fiduciary shall have discretion to make information in her possession regarding the subject matter of this suit available to any department or agency of the United States or any state government.

5. In the performance of her duties as delineated in paragraph 1, the Independent Fiduciary may retain such assistance as she may require, including from attorneys (including those belonging to her law firm), accountants, actuaries and other service providers. No attorneys' fees (other than the fees of the Independent Fiduciary) shall be paid from the assets of the Funds unless the Secretary has stipulated to such expenditure or unless the Court, after motion with notice, has approved such expenditure.

6. The Independent Fiduciary has estimated that her activities during the Initial Period and the work required to produce the report required in paragraph 11 shall consume approximately 325 hours of time by her and/or members or other employees of her firm, including paralegals, for which the Independent Fiduciary estimates that she will charge a fee of $95,875.00. To the extent that this budget is exceeded, the Independent Fiduciary will be compensated at an hourly rate of $295.00 for any attorney hours in excess of the budget, and at an hourly rate of $85.00 for any paralegal hours in excess of the budget, provided that the Independent Fiduciary provides reasonable advance notice of the anticipated overage to the Court and the Parties and the Parties have an opportunity to object. Conversely, if the hours spent by the Independent Fiduciary during the Initial Period is less than the amount budgeted, the Independent Fiduciary's fees shall be

adjusted on a pro rata basis accordingly. The Independent Fiduciary shall be compensated for reasonable expenses actually incurred in the performance of her duties as specified in paragraph 1.

7. Without admitting any of the allegations of the Complaint or any liability except as stated in Paragraphs A through O above, the Trustee Defendants agree that, in light of the Independent Fiduciary's assumption of their fiduciary responsibilities as set forth in paragraph 1, during the pendency of this action or until the Court directs otherwise if earlier, they shall not act in any position as trustee, fiduciary, administrator, service provider, employee, consultant, agent, or custodian of the Funds without the prior written permission of the Secretary or an order of the Court.

8. The Trustee Defendants further represent that none of the Trustee Defendants presently serve as fiduciaries to any other employee pension benefit plan or employee welfare benefit plan subject to Title I of ERISA. Without admitting any of the allegations of the Complaint or any liability except as stated in Paragraphs A through O above and in this Partial Consent Order, the Trustee Defendants agree that during the pendency of this action or until the Court directs otherwise if earlier, they shall not to serve as fiduciaries to any employee pension benefit plan or employee welfare benefit plan subject to Title I of ERISA without the prior written permission of the Secretary or an order of the Court.

9. Within thirty (30) days of the entry of this Order, each of the Trustee Defendants shall provide to the Independent Fiduciary a full accounting of any assets in their possession and/or control that they received from the Funds or in which any of the Funds has any title or interest, including any account or ownership information required to access such accounts.

10. The Trustee Defendants and the Funds shall deliver or otherwise make available to the Independent Fiduciary all books, records, bank accounts, electronic hardware, software, and data files for the Funds, wherever and however stored; all indicia of ownership of Funds' assets held within or outside of the jurisdiction of the Court; and documents of every nature relating in any manner to the management and operation of the Funds.

11. The Independent Fiduciary shall submit a report (the "Initial Report") to the Court within ninety (90) days after the date of this Order, which shall include the following: (1) an accounting of the transactions and investments made by the Funds from 2006 to the present that conflict with any of the plan documents of the Funds or any other fiduciary obligations of the Trustee Defendants; (2) an allocation schedule of expenses among the Funds; (3) any recommended steps needed to correct any transactions and investments made by the Funds from 2006 to the present that conflict with any of the plan documents of the Funds or any other fiduciary obligations of the Trustee Defendants; and (4) any other recommended actions relevant to the proper administration of the Funds. The Initial Report shall also state whether the Independent Fiduciary recommends her appointment be extended for an additional 120 day period (the "Subsequent Period"), and, if so, the reasons for that recommendation and any recommended changes to the terms of the appointment, including budgeted time and rates. The Independent Fiduciary shall provide a copy of the Initial Report to the Parties ten (10) days prior to its submission to the Court, and, unless agreed to otherwise, the Parties shall provide for the Independent Fiduciary any comments on the Initial Report to the Independent Fiduciary within five (5) business days after receipt thereof. Nothing herein is intended to preclude

the Independent Fiduciary from bringing any appropriate matter to the Court's attention at any time.

12. Following the submission of the Independent Fiduciary's Initial Report to the Court, the parties will have thirty (30) days to file written objections to the Initial Report.

13. No later than 30 days following the Independent Fiduciary's submission of the Initial Report to the Court, the Parties shall submit an updated Partial Consent Order to the Court for its consideration. The updated Partial Consent Order shall state whether the Parties agree to the appointment of the Independent Fiduciary for the Subsequent Period and, if not, what other course of action the Parties recommend. If the Parties are unable to agree on a Consent Order, they shall submit their positions to the Court within the thirty-day period.

14. Notwithstanding anything herein to the contrary, after the expiration of the Initial Period, the Independent Fiduciary shall continue to serve as an independent fiduciary consistent with paragraph 1 herein at an hourly rate of $295.00 for any attorney hours and at an hourly rate of $85.00 for any paralegal hours until further order of the Court.

15. The Independent Fiduciary shall file a fee application with the Court and the Parties thirty (30) days after the entry of this Order and shall thereafter file a fee application every thirty (30) days. The fee application shall include the hourly rate as set forth above, and dates and hours of work, accompanied by a description of the work performed, as well as an itemized statement of expenses. It shall also apportion the fees among the Funds, based on the work performed on behalf of each Fund. The Parties will file any objections to the fee application within fourteen (14) days of receipt of each of the Independent Fiduciary's fee applications. Unless otherwise agreed by the Parties or directed by the

9

Court, any fees that the Court directs be paid to the Independent Fiduciary shall be paid by the Funds in accordance with the allocation provided by the Independent Fiduciary.

16. During the Initial Review Period, the Parties agree not to conduct formal discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure, except limited third party discovery to assist the Independent Fiduciary. The Parties do not waive their rights to seek to conduct formal discovery following the Initial Review Period.

17. The payment of administrative expenses and fees to the Independent Fiduciary, her assistants, attorneys, accountants, actuaries and other necessary service providers shall be considered priority administrative expenses of the Funds or their related entities, superior to any other class of expense or obligation. The Independent Fiduciary's second priority shall be payment of legitimate claims of the Funds to its participants and beneficiaries.

18. The Independent Fiduciary shall not be held personally responsible for any claims against the Funds that existed, arose, matured, or vested prior to her appointment.

19. The Independent Fiduciary shall obtain bonds pursuant to ERISA § 412, 29 U.S.C. § 1112, for each of the Funds. Because the beneficiaries of the bonds are the Funds, each of the Funds shall pay for the cost of the bonds. This provision may be satisfied by the Independent Fiduciary securing coverage for herself under any bonds currently in force with respect to the Funds, provided the bonds satisfy the provisions of ERISA. The Independent Fiduciary also shall obtain fiduciary liability insurance.

20. The Secretary reserves the right to seek the Trustee Defendants' restoration of losses to the Funds and for some or all Court-approved fees and expenditures paid by the Funds to the Independent Fiduciary.

05/01/2012 13:25 FAX 12624314651 Case 1:12-cv-03151-CM  REGION #9  Document 9  Filed 05/02/12  Page 10 of 13  ☒013/023

21. No party shall coerce, intimidate, interfere with or attempt to coerce, intimidate, or interfere with the Independent Fiduciary or with the agents, employees, or representatives of the Independent Fiduciary and are ordered to cooperate fully with the Independent Fiduciary or her successors, agents, employees or representatives. No party shall coerce, intimidate, discharge, fine, suspend, expel, discipline, or discriminate against any person for giving information to, or cooperating with, the Independent Fiduciary, the Court, or the Secretary.

22. The term "assets," wherever used in this Order, includes but is not limited to securities, real and personal property, interests in property held jointly or in tenancy by the entirety, receivables, contractual rights, and all beneficial, legal, equitable, and contingent interests, however created and wherever located.

23. The Independent Fiduciary has reviewed and agreed to the terms of this Partial Consent Order. (See attached April 30, 2012 letter of Independent Fiduciary agreeing to the terms herein.)

24. The undersigned attorneys represent that they are authorized to act on behalf of their respective clients. The Parties agree that this document may be executed via counterpart signatures and that signatures via facsimile or PDF and electronic mail will be deemed an original signature and will be binding upon the party transmitting the signature by facsimile or PDF and electronic mail.

Dated: April 30, 2012
New York, NY

M. PATRICIA SMITH
Solicitor of Labor

PATRICIA M. RODENHAUSEN
Regional Solicitor

/s/ DARREN COHEN
DARREN COHEN
Attorney

U.S. Department of Labor
Attorneys for Plaintiff
Hilda L. Solis, Secretary of Labor

/s/ Myron D. Rumeld
MYRON D. RUMELD
Proskauer Rose LLP

Attorney for Defendants John V. McNamee, Jr., Kevin Dunphy, Manuel Farina, John T Hall, John Hamilton, Michelle Sullivan, and John Walsh

DOUGLAS F. MOTZENBECKER
Gordon & Rees LLP

Attorney for Defendants
Exhibition Employees Local 829 IATSE Pension Plan and Exhibition Employees Local 829 IATSE Annuity Plan and Exhibition Employees Local 829 IATSE Vacation Fund

Dated: May 1, 2012
New York, NY

SO ORDERED:

/s/ Colleen McMahon
HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

12

Dated:  April 30, 2012
        New York, NY

M. PATRICIA SMITH
Solicitor of Labor

PATRICIA M. RODENHAUSEN
Regional Solicitor

_____
DARREN COHEN
Attorney

U.S. Department of Labor
Attorneys for Plaintiff
Hilda L. Solis, Secretary of Labor

_____
MYRON D. RUMELD
Proskauer Rose LLP

Attorney for Defendants John V. McNamee, Jr., Kevin Dunphy, Manuel Farina, John T. Hall, John Hamilton, Michelle Sullivan, and John Walsh

_____  4.30.2012
DOUGLAS E. MOTZENBECKER
Gordon & Rees LLP

Attorney for Defendants
Exhibition Employees Local 829 IATSE Pension Plan and Exhibition Employees Local 829 IATSE Annuity Plan and Exhibition Employees Local 829 IATSE Vacation Fund

Dated:  May ___, 2012
        New York, NY

SO ORDERED:

_____
HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

12