UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

HILDA L. SOLIS, Secretary of Labor,　　　　　　　:
United States Department of Labor,
　　　　　　　　　　　　　　　　　　　　　　　　　　:　　File No. 12-CV-1511 (CM) (GWG)

　　　　　　　Plaintiff,　　　　　　　　　　　　　　:

　　　v.　　　　　　　　　　　　　　　　　　　　　　　　**SECOND PARTIAL CONSENT**
　　　　　　　　　　　　　　　　　　　　　　　　　　:　　**ORDER**

JOHN V. MCNAMEE, JR., KEVIN DUNPHY,
MANUEL FARINA, JOHN T. HALL, JOHN　　　　　　　:
HAMILTON, MICHELE SULLIVAN, JOHN
WALSH, EXHIBITION EMPLOYEES LOCAL　　　　　　:
829 I.A.T.S.E. PENSION PLAN, EXHIBITION
EMPLOYEES LOCAL 829 I.A.T.S.E. ANNUITY　　　　 :
FUND, and EXHIBITION EMPLOYEES LOCAL
829 I.A.T.S.E. VACATION FUND,　　　　　　　　　　:

　　　　　　　Defendants.　　　　　　　　　　　　　:

---

This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as amended. In the Complaint, which was filed on February 29, 2012, Plaintiff Hilda L. Solis, Secretary of Labor (the "Secretary"), alleges that Defendants John V. McNamee, Jr., Kevin Dunphy, Manuel Farina, John T. Hall, John Hamilton, Michele Sullivan, and John Walsh (the "Trustee Defendants") violated provisions of Title I of ERISA. The Secretary named the Exhibition Employees Local 829 I.A.T.S.E. Pension Plan, the Exhibition Employees Local 829 I.A.T.S.E. Annuity Fund, and the Exhibition Employees Local 829 I.A.T.S.E. Vacation Fund (the "Funds") as Defendants for the purpose of ensuring complete relief among the parties under Federal Rule of Civil Procedure 19.

On May 2, 2012, the Court entered a Partial Consent Order (the "First Partial Consent Order"), which, among other things, appointed Judith Broach as the Independent Fiduciary of the Funds. Pursuant to paragraph 11 of the First Partial Consent Order, the Independent Fiduciary

submitted a report (the "Initial Report") to the Court on July 31, 2012. Since the submission of the Initial Report, the Parties have been engaged in settlement negotiations, working in good faith to resolve the case. The First Partial Consent Order requires the Parties to submit an updated Partial Consent Order within 30 days of the Independent Fiduciary's Initial Report.

Upon consideration of the record, and as agreed to by the Parties, the Court finds that it has jurisdiction to enter this Second Partial Consent Order, which shall be in effect throughout the pendency of this action or until further Court Order.

IT IS HEREBY ORDERED THAT:

1. The appointment of Judith Broach as the Independent Fiduciary of the Funds shall be continued for the 120-day period beginning as of the date of this Second Partial Consent Order, or until further Court Order if earlier. In lieu of the responsibilities set forth in paragraph 1 of the First Partial Consent Order, the Independent Fiduciary's responsibilities shall only include plenary authority to administer the Funds, allocate expenses among the Funds, and other activities required to ensure the prudent and sound administration of the Funds.

2. The Independent Fiduciary shall file a fee application with the Court and the Parties thirty (30) days after the entry of this Second Partial Consent Order and shall thereafter file a fee application every thirty (30) days. The fee application shall include the hourly rate of $295.00 for any attorney hours and $85.00 for any paralegal hours, and the dates and hours of work, accompanied by a description of the work performed, as well as an itemized statement of expenses. It shall also apportion the fees among the Funds, based on the work performed on behalf of each of the Funds. The Parties shall file any objections to the fee application within fourteen (14) days of receipt of each of the

2

Independent Fiduciary's fee applications. Unless otherwise agreed by the Parties or directed by the Court, any fees that the Court directs to be paid to the Independent Fiduciary shall be paid by the Funds in accordance with the allocation provided by the Independent Fiduciary.

3. The stay of discovery and related proceedings set forth in paragraph 1 of the Civil Case Management Plan entered on May 2, 2012, shall continue for an additional 120-day period beginning as of the date of this Order, and the time period for submitting objections to the Initial Report pursuant to paragraph 12 of the First Partial Consent Order shall be extended until 120 days from the date of this Order. The Court shall not act on the Initial Report or any of the recommendations set forth therein until after the time for the Parties to submit objections to the Initial Report has expired.

4. No later than sixty (60) days from the date of this Order, the Parties shall report to the Court the progress of the settlement negotiations. At that time, if settlement negotiations have not substantially progressed, any party may request that the Court terminate the stay of discovery and related proceedings set forth in paragraph 1 of the Civil Case Management Plan and paragraph 3 herein.

5. No later than 120 days from the date of this Order, the Parties shall submit an updated Consent Order to the Court for its consideration. The updated Consent Order shall state whether the Parties agree to the continued appointment of the Independent Fiduciary, and, if not, what other course of action the Parties recommend. If the Parties are unable to agree on an updated Consent Order, they shall submit their positions to the Court within 120 days from the date of this Second Partial Consent Order.

6. Notwithstanding anything herein to the contrary, following the expiration of the 120-day period commencing on the date of this Second Partial Consent Order, the Independent Fiduciary shall continue to serve as the independent fiduciary of the Funds consistent with paragraph 1 herein at an hourly rate of $295.00 for any attorney hours and at an hourly rate of $85.00 for any paralegal hours until further order of the Court.

7. Except as otherwise modified by paragraph 1 herein, Paragraphs 2, 4, 5, 7, 8, 10, 17, 18, 19, 20, 21, and 22 of the First Partial Consent Order shall remain in effect until further order of the Court.

8. The undersigned attorneys represent that they are authorized to act on behalf of their respective clients. The Parties agree that this document may be executed via counterpart signatures and that any signatures via facsimile or PDF and electronic mail will be deemed an original signature and will be binding upon the party transmitting the signature by facsimile or PDF and electronic mail.

4

Dated:   August 31, 2012
         New York, NY

M. PATRICIA SMITH
Solicitor of Labor

PATRICIA M. RODENHAUSEN
Regional Solicitor

*/s/ Darren Cohen 8/31/12*

DARREN COHEN
Attorney

U.S. Department of Labor
Attorneys for Plaintiff
Hilda L. Solis, Secretary of Labor

*/s/ Myron D. Rumeld*

MYRON D. RUMELD
Proskauer Rose LLP

Attorneys for Defendants John V. McNamee, Jr., Kevin Dunphy, Manuel Farina, John T. Hall, John Hamilton, Michele Sullivan, and John Walsh

*/s/ Douglas E. Motzenbecker  8-31-2012*

DOUGLAS E. MOTZENBECKER
Gordon & Rees LLP

Attorneys for Defendants
Exhibition Employees Local 829 I.A.T.S.E. Pension Plan, Exhibition Employees Local 829 I.A.T.S.E. Annuity Plan, and Exhibition Employees Local 829 I.A.T.S.E. Vacation Fund

Dated:  4 Sept            , 2012
        New York, NY

SO ORDERED:

*/s/ Colleen McMahon*

HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

5