UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
SETH D. HARRIS[1], Acting Secretary of Labor,  :
United States Department of Labor
                                                :
            Plaintiff,
                                                :   Case No. 12-cv-1511(CM)(GWG)
        v.
                                                :   **CONSENT ORDER AND**
JOHN V. MCNAMEE, JR., KEVIN DUNPHY,                 **JUDGMENT**
MANUEL FARINA, JOHN T. HALL, JOHN               :
HAMILTON, MICHELE SULLIVAN, JOHN
WALSH, EXHIBITION EMPLOYEES LOCAL 829          :
I.A.T.S.E. PENSION PLAN, EXHIBITION
EMPLOYEES LOCAL 829 I.A.T.S.E.ANNUITY           :
FUND, and EXHIBITION EMPLOYEES LOCAL
829 I.A.T.S.E. VACATION FUND,                   :

            Defendants.                         :
--------------------------------------------------------------

WHEREAS, the Parties, Plaintiff, Seth D. Harris, Acting Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendants John V. McNamee, Jr. ("McNamee"), Kevin Dunphy ("Dunphy"), Manuel Farina ("Farina"), John T. Hall ("Hall"), John Hamilton ("Hamilton"), Michele Sullivan ("Sullivan"), John Walsh ("Walsh") (collectively, the "Trustee Defendants"), the Exhibition Employees Local 829 I.A.T.S.E. Pension Plan (the "Pension Plan"), the Exhibition Employees Local 829 I.A.T.S.E. Annuity Fund (the "Annuity Fund"), and the Exhibition Employees Local 829 I.A.T.S.E. Vacation Fund (the "Vacation Fund") (collectively, the "Funds"), agree to the entry of this Consent Order and Judgment as a complete resolution of all issues in contention between them in this matter; and

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Seth D. Harris is substituted for Hilda L. Solis as Plaintiff.

1

WHEREAS, the Secretary filed the Complaint in this action on February 29, 2012, pursuant to sections 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as amended; and

WHEREAS, in the Complaint, the Secretary alleged that the Trustee Defendants violated ERISA §§ 404(a)(1)(A), 404(a)(1)(B), 406(a)(1)(B), 406(a)(1)(D), 406(b)(1), 406(b)(2), and 409, 29 U.S.C. §§ 1104(a)(1)(A), 1104(a)(1)B), 1106(a)(1)(B), 1106(a)(1)(D), 1106(b)(1), 1106(b)(2), and 1109, and sought monetary, injunctive, and other equitable relief against the Trustee Defendants; and

WHEREAS, the Secretary named the Funds as Defendants for the purpose of ensuring complete relief among the parties under Rule 19 of the Federal Rules of Civil Procedure; and

WHEREAS, on May 2, 2012, the Court entered a Partial Consent Order (the "First Partial Consent Order"), which, among other things, appointed Judith Broach as the Independent Fiduciary of the Funds; and

WHEREAS, on September 4, 2012, the Court entered a Second Partial Consent Order, which extended Ms. Broach's appointment as Independent Fiduciary of the Funds; and

WHEREAS, for purposes of this settlement and in entering into this Consent Order and Judgment, the Trustee Defendants and the Funds neither admit nor deny the allegations in the Secretary's complaint, except that the Trustee Defendants and the Funds admit to the jurisdiction of this Court over them and the subject matter of this action and admit that venue is proper in the Southern District of New York; and

WHEREAS, the Parties have agreed to resolve all matters in controversy in this matter, including the imposition of penalties pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l), and now do consent to the entry of this Consent Order and Judgment.

2

Upon consideration of the record, and as agreed to by the Parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED that:

1. The Trustee Defendants agree to pay or cause to be paid a settlement amount (the "Settlement Amount") comprised of, and equal to, the following:

   A. Any and all remaining insurance proceeds from the Funds' fiduciary insurance policy, less any defense costs incurred, which the Trustee Defendants represent, and which the Secretary expressly relies upon in entering into this Consent Order and Judgment, is at least $2,550,000.00 as of June 5, 2013, and is expected to be no less than $2,500,000.00 (the "Insurance Proceeds") upon the entry of this Consent Order and Judgment;

   B. A cash contribution of $75,000.00 by the Trustee Defendants (the "Cash Contribution"), payable according to the schedule agreed upon by the parties and set forth in the letter from Myron Rumeld to Darren Cohen dated June 5, 2013;

   C. Forfeitures of a portion of the Trustee Defendants' Annuity Fund account balances (the "Annuity Fund Forfeitures") of $275,000.00 in the aggregate and paid according to the schedule agreed upon by the parties and set forth in the letter from Myron Rumeld to Darren Cohen dated June 5, 2013;[2] and

   D. Additional contingent Annuity Fund forfeitures (the "Additional Forfeitures"), in an amount not to exceed $50,000.00 in the aggregate, payable only to the extent that the Insurance Proceeds are less than $2,550,000.00, and only to the extent needed to generate a total recovery of $2,550,000.00 from the Insurance Proceeds and the Additional Forfeitures. Any Additional Forfeitures shall be in addition to

---

[2] The individual Annuity Fund Forfeitures are subject to a potential reduction in the event that the Independent Fiduciary or any successor trustee adjusts any of the Trustee Defendants' Annuity Fund account balances downward from the amounts reported by the Trustee Defendants to the Secretary on February 19, 2013 due to any recalculations of the interest owed on Annuity Fund participant loans, the value of the Annuity Fund's investment in the Apple REIT 6, or any other reasons the Independent Fiduciary identifies for restating downward the Annuity Fund account balances. For any particular Trustee Defendant, the percentage reduction in the Annuity Fund Forfeiture will be proportionate to the percentage reduction, if any, in the size of the Trustee Defendants' account balance, measured against the account balances that were reported by the Trustee Defendants to the Secretary on February 19, 2013 and that are set forth in the June 5, 2013 schedule. The individual Annuity Fund Forfeitures are subject to a potential increase in the event that the Independent Fiduciary or any successor trustee adjusts any of the Trustee Defendants' Annuity Fund account balances upward due to any recalculations of the interest owed on Annuity Fund participant loans. For any particular Trustee Defendant, the percentage increase in the Annuity Fund Forfeiture will be proportionate to the percentage increase, if any, in the size of the Trustee Defendant's account balance attributed to the participant loan interest recalculation, measured against the account balances that were reported by the Trustee Defendants to the Secretary on February 19, 2013 and that are set forth in the June 5, 2013 schedule. In no event shall the Annuity Fund Forfeitures exceed $275,000.00 in the aggregate.

3

the Annuity Fund Forfeitures and shall be payable according the the schedule agreed upon by the Parties and set forth in the June 5, 2013 letter.[3]

2. The Settlement Amount shall incorporate all payments made by the Trustee Defendants to the Funds as restitution and a penalty as required by ERISA § 502(1), 29 U.S.C. § 1132(l) (the "Penalty"). The Penalty shall be assessed as 20% of the applicable recovery amount, but will be reduced to 10% of the applicable recovery amount. The Penalty shall be paid from the Insurance Proceeds.

3. To ensure satisfaction of the Penalty, and because the applicable recovery amount cannot be fully calculated at the time the Parties execute this Consent Order and Judgment, the Trustee Defendants shall cause to set aside $268,181.82 from the Insurance Proceeds and deposit this amount in an interest bearing escrow account (the "Escrow Amount") to be established and administered by the Independent Fiduciary or any successor trustee(s). The Independent Fiduciary shall establish an interest bearing escrow account for the express purpose of holding the Escrow Amount as soon as practicable, but no later than thirty (30) days after the execution of this Consent Order and Judgment. The Independent Fiduciary shall inform the Parties in writing upon establishing the escrow account. The interest earned on the Escrow Amount shall not be considered part of the applicable recovery amount.

4. Within fifteen (15) days of receiving notice of the establishment of the escrow account by the Independent Fiduciary, the Trustee Defendants shall pay, or cause to be paid, the Escrow Amount into the escrow account established by the Independent Fiduciary. Within twenty (20) days of receiving notice of the establishment of the escrow account by the Independent Fiduciary, the Trustee Defendants shall pay, or cause to be paid, $2,306,818.18, consisting of an additional $2,231,818.18 in Insurance Proceeds and the Cash Contribution of

---

[3] The Additional Forfeitures shall be subject to the same adjustments as the Annuity Fund Forfeitures as set forth in footnote 2 above.

4

$75,000.00, to the Funds in the following amounts: $1,975,209.46 to the Pension Plan, $219,467.72 to the Annuity Fund, and $112,141.00 to the Vacation Fund. The Independent Fiduciary shall provide to the Secretary written proof of receipt of payment of the Escrow Amount and written proof of receipt of payment of the remainder of the Insurance Proceeds and the Cash Contributions to the Funds.

5. Defendants Dunphy, Farina, Hall, Sullivan, and Walsh agree to forfeit a portion of their Annuity Fund account balances in accordance with Paragraphs 1.C and 1.D above and as authorized by ERISA § 206(d)(4), 209 U.S.C. § 1056(d)(4). Pursuant to the Court's power to provide appropriate equitable relief pursuant to ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5), the Annuity Fund is hereby deemed amended to allow for such forfeitures. The spouses of Hall and Walsh consent to such forfeitures pursuant to ERISA § 206(d)(4)(C)(i)(II), 29 U.S.C. § 1156(d)(4)(C)(i)(II), as demonstrated by their execution of Spousal Consent forms provided to the Secretary and the Independent Fiduciary upon execution of this Consent Order and Judgment.

6. The Independent Fiduciary or any successor trustee(s) shall calculate the Annuity Fund account balances for all participants and shall advise the parties if any adjustments to the Trustee Defendants' account balances as of December 31, 2011 have been made. After completing the calculation, the Independent Fiduciary or any successor trustee(s) shall offset the Annuity Fund balances of Defendants Dunphy, Farina, Hall, Sullivan, and Walsh in accordance with Paragraphs 1.C and 5 above, and shall report the amount of the Annuity Fund Forfeitures to the Parties in writing. Within 20 days of receiving notice of the Annuity Fund Forfeitures, the Trustee Defendants shall pay or cause to be paid any remaining Insurance Proceeds. To the extent that the total Insurance Proceeds are less than $2,550,000.00, the Independent Fiduciary or

any successor trustee(s) shall offset the Annuity Fund balances for the Additional Forfeitures in accordance with Paragraphs 1.D above, and shall report the amount of the Additional Forfeitures to the Secretary in writing.

7. Following the payment of the Insurance Proceeds and the Cash Contribution pursuant to Paragraph 4 above, and the forfeiture of the Annuity Fund Forfeitures pursuant to Paragraph 5 above, the Secretary shall issue an Assessment Letter to the Trustee Defendants, with a copy to the Independent Fiduciary or any successor trustee(s), assessing the Penalty pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l), and in accordance with Paragraph 2 above.

8. Upon receipt of the Assessment Letter, the Independent Fiduciary or any successor trustee(s) shall cause the Penalty to be paid using the Escrow Amount. The Penalty shall be paid to the U.S. Department of Labor, ERISA – Civil Penalties, P.O. Box 71360, Philadelphia, PA 19176-1360. The check shall be made payable to the "United States Department of Labor" and shall reference EBSA Case Numbers 30-103581 (48), 30-103676 (48), and 30-103677 (48).

9. Thereafter, the Independent Fiduciary or any successor trustee(s) shall cause to be paid any remaining Escrow Amount to the Pension Plan, except that an amount equal to ten percent of the remaining Escrow Amount, not including the interest earned on the Escrow Amount, shall be incorporated with the assessed Penalty and paid to the U.S. Department of Labor as specified in Paragraph 8.

10. The Trustee Defendants are permanently enjoined and restrained from engaging in any future action in violation of Title I of ERISA and from serving or acting as a fiduciary to any employee benefit plan subject to Title I of ERISA. The Trustee Defendants further agree to permanently resign as Trustees and fiduciaries of the Funds.

11. The appointment of Judith Broach as the Independent Fiduciary of the Funds is hereby continued.

12. The Independent Fiduciary shall have plenary authority to administer the Funds, allocate expenses among the Funds, and other activities required to ensure the prudent and sound administration of the Funds. In performing her duties, the Independent Fiduciary shall have and exercise full authority and control with respect to the management or disposition of the assets of the Funds, including authority over all bank accounts.

13. In the performance of her duties, the Independent Fiduciary may retain such assistance as she may reasonably require, including attorneys (including those employed by her law firm), accountants, actuaries and other service providers.

14. To the extent required to fulfill her duties as delineated in paragraph 12 and as required by federal and state law, the Independent Fiduciary shall have discretion to make information in her possession regarding the subject matter of this suit available to any department or agency of the United States or any state government.

15. The payment of administrative expenses and fees to the Independent Fiduciary, her assistants, attorneys, accountants, actuaries and other necessary service providers shall be considered priority administrative expenses of the Funds superior to any other class of expense or obligation. The Independent Fiduciary's second priority shall be the payment of legitimate claims on the Funds by their participants and beneficiaries.

16. The Independent Fiduciary shall not be held personally responsible for any claims against the Funds which existed, arose, matured or vested prior to her appointment. The Independent Fiduciary may use a portion of the Settlement Amount to pay for fees related to the Internal Revenue Service's Voluntary Compliance Program if the Independent Fiduciary's

7

fiduciary liability insurance carrier does not pay the fees.

17.     No party shall coerce, intimidate, interfere with or attempt to coerce, intimidate, or interfere with the Independent Fiduciary or with the agents, employees, or representatives of the Independent Fiduciary and are ordered to cooperate fully with the Independent Fiduciary or her successors, agents, employees or representatives. No party shall coerce, intimidate, discharge, fine, suspend, expel, discipline, or discriminate against any person for giving information to, or cooperating with, the Independent Fiduciary, the Court, or the Secretary.

18.     In the event that, at any time, the Independent Fiduciary is unwilling or unable to continue to perform her duties under this Consent Order and Judgment, she shall, consistent with this Consent Order and Judgment and Title 1 of ERISA, take appropriate action to find a successor trustee or trustees for the Funds. Moreover, if requested by Exhibition Employees Local 829 I.A.T.S.E. (the "Union") or a successor union, the Independent Fiduciary shall take reasonable steps to determine whether fiduciary responsibility may prudently be transferred to a board of trustees of each Fund constituted in accordance with the Taft-Hartley Act. The appointment of a successor trustee or trustees may only be made with approval of the Court on notice to the Secretary.

19.     The Independent Fiduciary shall file quarterly fee applications with the Court with a copy to the Secretary. The fee application shall include the hourly rate of $295.00 for any attorney hours and $85.00 for any paralegal hours, and the dates and hours of work, accompanied by a description of the work performed, as well as an itemized statement of expenses. It shall also apportion the fees among the Funds, based on the work performed on behalf of each of the Funds. The Secretary shall file any objections to the fee application(s) within fourteen (14) days of receipt of each of the Independent Fiduciary's fee applications. Unless otherwise directed by

the Secretary or the Court, any fees that the Court directs to be paid to the Independent Fiduciary shall be paid by the Funds in accordance with the allocation provided by the Independent Fiduciary.

20. Upon approval by the Court of this Consent Order and Judgment, this matter shall be deemed closed. However, the Independent Fiduciary may apply to the Court for clarification of this Consent Order and Judgment or enforcement of this Consent Order and Judgment's terms.

21. This Consent Order and Judgment is in full settlement and satisfaction of all claims asserted in the Complaint by the Secretary against the Trustee Defendants and the Funds on account of the facts and events alleged in the Complaint. The Parties consider this Consent Order and Judgment to be a fair and adequate settlement of the claims asserted in the Complaint.

22. Each party agrees to bear his, her, or its own attorneys' fees, costs and other expense incurred by such party in connection with any stage of this proceeding to date, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

23. The Independent Fiduciary has reviewed and agreed to the terms of this Partial Consent Order that relate to her duties and obligations, i.e., Paragraphs 1, 3, 4-9, and 11-20 as demonstrated by the June 5, 2013 letter of the Independent Fiduciary agreeing to the terms herein, attached as Exhibit A.

24. The Parties agree that this document may be executed via counterpart signatures and that a signature via facsimile or PDF and electronic mail will be deemed an original signature and will be binding upon the party transmitting the signature by facsimile or PDF and electronic mail.

25. The Court directs the entry of this Consent Order and Judgment as a final order.

9

26. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

27. Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor.

Dated: June 27, 2013
New York, NY

M. PATRICIA SMITH
Solicitor of Labor

PATRICIA M. RODENHAUSEN
Regional Solicitor

_____
JOHN V. MCNAMEE, JR.

*/s/ Darren Cohen*
DARREN COHEN
Counsel for ERISA, Region II

_____
KEVIN DUNPHY

U.S. Department of Labor
Attorneys for Plaintiff
Seth D. Harris, Acting Secretary of Labor

_____
MANUEL FARINA

_____
JOHN T. HALL

_____
JOHN HAMILTON

_____
MICHELE SULLIVAN

_____
JOHN WALSH

10

26. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

27. Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor.

Dated: June ___, 2013
New York, NY

                                        M. PATRICIA SMITH
                                        Solicitor of Labor

                                        PATRICIA M. RODENHAUSEN
                                        Regional Solicitor

_/s/ John V. McNamee, Jr._
JOHN V. MCNAMEE, JR.
                                        DARREN COHEN
                                        Counsel for ERISA, Region II

                                        U.S. Department of Labor
KEVIN DUNPHY                      Attorneys for Plaintiff
                                        Seth D. Harris, Acting Secretary of Labor


MANUEL FARINA


JOHN T. HALL


JOHN HAMILTON


MICHELE SULLIVAN


JOHN WALSH

26. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

27. Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor.

Dated: June 10, 2013
New York, NY

M. PATRICIA SMITH
Solicitor of Labor

PATRICIA M. RODENHAUSEN
Regional Solicitor

_____
JOHN V. MCNAMEE, JR.

*Kevin Dunphy* (signature)
_____
KEVIN DUNPHY

_____
MANUEL FARINA

_____
JOHN T. HALL

_____
JOHN HAMILTON

_____
MICHELE SULLIVAN

_____
JOHN WALSH

_____
DARREN COHEN
Counsel for ERISA, Region II

U.S. Department of Labor
Attorneys for Plaintiff
Seth D. Harris, Acting Secretary of Labor

26. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

27. Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor.

Dated: June ___, 2013
New York, NY

                                              M. PATRICIA SMITH
                                            Solicitor of Labor

                                            PATRICIA M. RODENHAUSEN
                                            Regional Solicitor

_____     _____
JOHN V. MCNAMEE, JR.                          DARREN COHEN
                                                    Counsel for ERISA, Region II

_____           U.S. Department of Labor
KEVIN DUNPHY                                    Attorneys for Plaintiff
                                                    Seth D. Harris, Acting Secretary of Labor

_____
MANUEL FARINA

_____
JOHN T. HALL

_____
JOHN HAMILTON

_____
MICHELE SULLIVAN

_____
JOHN WALSH

26. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

27. Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor.

Dated: June ___, 2013
      New York, NY

                                      M. PATRICIA SMITH
                                      Solicitor of Labor

                                      PATRICIA M. RODENHAUSEN
                                      Regional Solicitor

_____      _____
JOHN V. MCNAMEE, JR.                          DARREN COHEN
                                                      Counsel for ERISA, Region II

_____      U.S. Department of Labor
KEVIN DUNPHY                                        Attorneys for Plaintiff
                                                          Seth D. Harris, Acting Secretary of Labor

_____
MANUEL FARINA

*John T. Hall*
_____
JOHN T. HALL

_____
JOHN HAMILTON

_____
MICHELE SULLIVAN

_____
JOHN WALSH

26. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

27. Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor.

Dated: June ___, 2013
      New York, NY

M. PATRICIA SMITH
Solicitor of Labor

PATRICIA M. RODENHAUSEN
Regional Solicitor

_____
JOHN V. MCNAMEE, JR.

_____
DARREN COHEN
Counsel for ERISA, Region II

U.S. Department of Labor
Attorneys for Plaintiff
Seth D. Harris, Acting Secretary of Labor

_____
KEVIN DUNPHY

_____
MANUEL FARINA

_____
JOHN T. HALL

*/s/ John Hamilton*
_____
JOHN HAMILTON

_____
MICHELE SULLIVAN

_____
JOHN WALSH

26. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

27. Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor.

Dated: June ___, 2013
       New York, NY

                                        M. PATRICIA SMITH
                                        Solicitor of Labor

                                        PATRICIA M. RODENHAUSEN
                                        Regional Solicitor

_____            _____
JOHN V. MCNAMEE, JR.                    DARREN COHEN
                                        Counsel for ERISA, Region II

_____            U.S. Department of Labor
KEVIN DUNPHY                            Attorneys for Plaintiff
                                        Seth D. Harris, Acting Secretary of Labor

_____
MANUEL FARINA


_____
JOHN T. HALL


_____
JOHN HAMILTON

*Michele Sullivan* (signature)
_____
MICHELE SULLIVAN


_____
JOHN WALSH

26. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

27. Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor.

Dated: June ___, 2013
New York, NY

                        M. PATRICIA SMITH
                        Solicitor of Labor

                        PATRICIA M. RODENHAUSEN
                        Regional Solicitor

_____     _____
JOHN V. MCNAMEE, JR.            DARREN COHEN
                                       Counsel for ERISA, Region II

_____     U.S. Department of Labor
KEVIN DUNPHY                   Attorneys for Plaintiff
                                       Seth D. Harris, Acting Secretary of Labor

_____
MANUEL FARINA

_____
JOHN T. HALL

_____
JOHN HAMILTON

_____
MICHELE SULLIVAN

*/s/ John Walsh*
JOHN WALSH

10

# UNITED STATES DEPARTMENT OF LABOR





**Office of the Solicitor**
201 Varick Street, Rm 983
New York, N. Y., 10014
Telephone (646) 264-3684
Facsimile  (646) 264-3660

## FACSIMILE COVER SHEET

**DATE:**     June 27, 2013

**FROM:**    Darren Cohen, Esq.

**TO:**       Honorable Colleen McMahon

**FAX NO.:**  (212) 805-6326

**RE:**       Harris v. McNamee, et al., 12 Civ. 1511 (CM) (GWG)

**NOTES:**    Please see attached letter.

You should receive 24 pages including this cover sheet. If you do not receive all pages, please call (646) 264-3684.

---

**CONFIDENTIALITY NOTE**

This facsimile transmission is intended solely for the use of the individual or entity named above and may contain information that is confidential, privileged and exempt from disclosure under the applicable law. If you are not the intended recipient, any use of this information is prohibited. If you have received this transmission in error, please notify the sender immediately.

_____
MYRON D. RUMELD
Proskauer Rose LLP

Attorney for Defendants John V. McNamee,
Jr., Kevin Dunphy, Manuel Farina, John T.
Hall, John Hamilton, Michelle Sullivan,
and John Walsh

Dated: 28 June, 2013
New York, NY

SO ORDERED:

_____
HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

11

---

MYRON D. RUMELD
Proskauer Rose LLP

Attorney for Defendants John V. McNamee,
Jr., Kevin Dunphy, Manuel Farina, John T.
Hall, John Hamilton, Michelle Sullivan,
and John Walsh

*/s/ Douglas E. Motzenbecker* 6-27-2013
DOUGLAS E. MOTZENBECKER
Gordon & Rees LLP

Attorney for Defendants
Exhibition Employees Local 829 I.A.T.S.E.
Pension Plan, Exhibition Employees
Local 829 I.A.T.S.E. Annuity Plan, and
Exhibition Employees Local 829 I.A.T.S.E.
Vacation Fund


Dated: _____, 2013
       New York, NY

                                              SO ORDERED:

                                              _____
                                              HONORABLE COLLEEN MCMAHON
                                              UNITED STATES DISTRICT JUDGE

11